WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Audrey Elizabeth Starr, | No. CV-20-01673-PHX-MTL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court are Plaintiff Audrey Elizabeth Starr's Motion for Award of Attorney Fees (doc. 42) and Memorandum in Support (doc. 43), whereby Plaintiff's counsel, Mark Caldwell, seeks $12,730.44[1] in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 42 at 1.) The Motion is fully briefed. (Doc. 42, 45, 48.) The Court will grant the Motion and award $12,730.44 in attorneys' fees.

**I.    BACKGROUND**

On May 27, 2022, the Ninth Circuit Court of Appeals remanded this case to the Social Security Administration for further administrative proceedings. (Doc. 37.) On September 26, 2022, the parties submitted a joint Stipulation for Award of Attorney Fees under the EAJA, awarding Plaintiff's attorneys, Sarah Fern and Robin Larkin $9,000.00 for work performed in connection to Plaintiff's Ninth Circuit appeal. (Doc. 44.) The Court granted the parties' stipulation on February 21, 2023. (Doc. 49.)

---

[1] Plaintiff's Motion sought $11,804.48 in attorney's fees. (Doc. 42 at 1.) Plaintiff's Reply Brief amended that amount to $12,730.44 to account for the additional hours litigating the EAJA motion. (Doc. 48 at 10.)

On September 21, 2022, Plaintiff filed the pending Motion for Award of Attorney Fees (doc. 43) and Memorandum in Support (doc. 44), requesting fees of $12,730.44 for work performed by Plaintiff's counsel, Mark Caldwell. (Doc. 48 at 10.) Defendant Commissioner of the Social Security Administration (the "Commissioner") does not oppose the granting of fees but opposes the amount requested. (Doc. 45.)

## II.     LEGAL STANDARD

In any non-tort civil action brought by or against the United States, the EAJA "directs a court to award fees and other expenses to private parties who prevail in litigation against the United States if, *inter alia*, the Government's position was not 'substantially justified.'" *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). The position of the United States, under the EAJA, "includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The underlying agency action is "the agency decision on review" before the Court. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding that an applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. § 405(g) is a "prevailing party" and eligible for fees and costs under the EAJA).

Fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). A reasonable fee does not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "[A] district court [retains] substantial discretion in fixing the amount of an EAJA award." *Comm'r, I.N.S.*, 496 U.S. at 163. Courts generally provide deference to the "winning lawyer's professional judgment." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation marks omitted).

## III.    DISCUSSION

In this case, Plaintiff requests $12,730.44 in attorney's fees for 58.6 hours of legal services rendered. (Doc. 43-2; Doc. 48 at 10.) The Commissioner concedes that Plaintiff is

the prevailing party and that the agency's position was not substantially justified. (Doc. 45 at 2.) Instead, the Commissioner argues that the amount of fees Plaintiff requests is not reasonable, and therefore, the Court should reduce Plaintiff's original fee request to no more than $7,883.67 to account for unreasonable billing. (*Id.*)

### A. Clerical Tasks

First, Commissioner contends that Plaintiff's fees be reduced 1.1 hours to account for "clerical work that merits no compensation under the EAJA." (*Id.*) Specifically, Commissioner identifies eleven instances where 0.1 hours were billed to review ECF entries, referral emails, and notices of appearance. (*Id.* at 4.)

Generally, time billed for clerical tasks should not be included in an EAJA award because such tasks "should [be] subsumed in firm overhead." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Clerical tasks include administrative work such as filing documents, requesting transcripts, organizing documents, and preparing and serving summons. *Id.*; *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012). The entries that Commissioner points to, however, are not clerical tasks. Rather, the tasks of reviewing court orders, notices, and other communications keep counsel apprised of their client's case. *Davis v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01507-PHX-DWL, 2022 WL 2529057, at *3 (D. Ariz. July 7, 2022) (explaining that "reviewing Court orders—even very short ones—is not an administrative task"); *Yang v. Astrue*, No. CV-05-1456-PHX (LOA), 2008 WL 11463479, at *6 (D. Ariz. Dec. 5, 2008) (overruling the Commissioner's "objection to the billing for e-mails, calendaring dates, and preparing excerpts of the record"). Accordingly, the Court denies Commissioner's request for a 1.1 hour reduction.

### B. The Complaint

Next, Commissioner requests a 5.1 hour reduction from the 7.1 hours Plaintiff's counsel spent on tasks related to preparing and filing the Complaint. (Doc. 45 at 5.) The Commissioner argues that the time billed is excessive and unreasonable since the Complaint is "a pro forma document that serves no purpose in Social Security cases apart from alleging the court's jurisdiction." (*Id.*)

According to the time sheets, Plaintiff's counsel spent 7.1 hours reviewing the record and drafting an 11-page Complaint. (Doc 43-2; *see also* Doc. 1.) In another case, the court addressed counsel's practice of preparing more detailed complaints than is common in most Social Security cases and determined that it is neither "inefficient" nor "redundant," stating:

> It is apparently counsel's practice to spend time early in the case examining the record and identifying issues. This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible . . . that a well prepared complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money.

*Garcia v. Comm'r of Soc. Sec. Admin.*, No. CIV 18-504-TUC-LAB, 2019 WL 4673335, at *2 (D. Ariz. Sept. 25, 2019) (denying the Commissioner's request for a 4 hour reduction). Accordingly, the Court denies the Commissioner's request for a reduction of 5.1 hours.

### C.     The Opening Brief

The Commissioner further argues that the time and fees requested for reviewing the Opening Brief is excessive and unreasonable. (Doc. 45 at 5–6.) The Opening Brief is forty-one pages long. (*See* Doc. 24.) According to the time sheets, it took an associate attorney 16.1 hours to draft the brief, and Plaintiff's counsel spent an additional 15.6 hours to review and edit the brief. (Doc. 45 at 5–6.) The Commissioner concedes that the 16.1 hours of drafting was reasonable but requests a 7.8 hour reduction for the time billed to review and edit the brief. (*Id.*)

Social security cases are "often highly fact-intensive and require careful review of the administrative record including complex medical evidence." *Costa*, 690 F.3d at 1134 n.1. The record in this case is 2,057 pages long. (*See* Doc. 16.) Based on the time sheets, Plaintiff's counsel spent 9 hours reviewing the record and an additional 6.6 hours reviewing and editing the brief. (Doc. 43-2 at 4–5.) Given the length of the record, this Court finds that 15.6 hours is a reasonable amount of time to review and edit the Opening Brief. Additionally, the Commissioner cites to *Thomas v. Commissioner of Social Security*

*Administration*, No. 18-CV-04230-JZB, at *4 (D. Ariz. Aug. 7, 2020), where the court held that 12 hours of collaborative review on a brief that took 19.3 hours to draft was excessive under the circumstances because the Opening Brief "borrowed heavily" from the complaint. (Doc. 45 at 6.) After reviewing the Complaint and Opening Brief, this Court is not persuaded that the 41-page Opening Brief borrowed heavily from the 11-page Complaint; therefore, *Thomas* is not persuasive. This Court denies the Commissioner's request for a 7.8 hour reduction related to time billed in preparing the Opening Brief.

### D.  The Reply Brief

Similarly, the Commissioner argues that the 13.1 hours Plaintiff's counsel billed for reviewing the Reply Brief is excessive and unreasonable. (Doc. 45 at 7.) The Commissioner concedes that "this requested time appears reasonable," but contends that a 4.5 hour reduction is appropriate for a time entry providing in part:

> Review of medical records in extensive administrative file, continued draft of reply brief with usual correction of agency's incomplete description of standard of review but used side-by-side format to present argument refuting agency arguments or noting those arguments to which the agency did not respond, see CivLR 16.1, and specifically those instances in which the answering brief substituted repetition of ALJ rationale for defense of the ALJ decision as written. Noted correction to opening brief.

(Doc. 43-2 at 6.) According to the Commissioner, correcting the agency's standard of review "was unnecessary—as this Court's affirmance of the ALJ's decision demonstrates." (Doc. 45 at 7.) While the Commissioner may disagree with the tactics and strategies employed by opposing counsel, mere disagreement alone is insufficient to render a billing entry excessive and unreasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on a case; after all, he won, and might not have, had he been more of a slacker."). Therefore, this Court finds that the requested fees spent on the Reply Brief are reasonable.

### E.  EAJA Motion

Lastly, the Commissioner asks this Court to deny fees for Plaintiff's Reply Brief in

the EAJA litigation. (Doc. 45 at 7.) Plaintiff spent four hours responding to the Commissioner's opposition and seeks an additional $939.26 to account for this time.

"The Ninth Circuit permits [the award of] so called 'fees-on-fees'"—that is, for fees accrued in connection with a motion for attorney's fees. *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1112 (D. Mont. 2019) (citing *Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995)); *see also Comm'r, I.N.S.*, 496 U.S. at 163 n.10 ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). Because the Court will grant Plaintiff's fee request in full, Plaintiff is also entitled to the fees incurred litigating the Motion.

## IV. CONCLUSION

The Court grants Plaintiff's Motion for Attorney Fees under the EAJA. The EAJA award, however, must ultimately be made out to Plaintiff, not her attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589–92 (2010) (explaining that the term "prevailing party" refers to the "prevailing litigant" and not the prevailing litigant's attorney). This award is also subject to the Treasury Offset Program. *Id.* at 595–98.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 42) and awarding Plaintiff $12,730.44 in attorney's fees.

**IT IS FURTHER ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti-Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 12th day of September, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge